**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONTAVIOUS SHERRODE SMITH,**

      **Plaintiff,**

-vs-                                                    Case No. 6:09-cv-2033-Orl-31KRS

**SCHOOL BOARD OF BREVARD**
**COUNTY, RICHARD A. DIPATRI and**
**LEROY A. BERRY**

      **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon review of the entire file and upon consideration of the Motion to Dismiss filed by Defendants The School Board of Brevard County, Florida (the "School Board"), Richard DiPatri (the "Superintendent") and Leroy Berry (the "Deputy Superintendent") (collectively, the "Defendants") (Doc. 54). Plaintiff, Dontavious "Tay" Smith ("Plaintiff") filed a response in opposition to the Motion (Doc. 55).

**I. Procedural History**

Plaintiff, proceeding *pro se*, brought suit on November 13, 2009, alleging, *inter alia*, that the School Board refused to hire him as a substitute teacher after his pre-employment drug test came back positive for marijuana, causing him damages in the amount of $365 million. (Doc. 3). On December 9, 2009, Defendants moved to dismiss the Complaint. (Doc. 8). Plaintiff thereafter filed his First Amended Complaint. (Doc. 11). Defendants renewed their motion to dismiss and on January 7, 2010, the Court granted same. (Doc. 25). In light of Plaintiff's *pro se* status,

however, the Court granted Plaintiff leave to file a Second Amended Complaint. (Doc. 25 at 3). Defendants again moved to dismiss the complaint. (Docs. 28, 30, and 34).

On March 1, 2010, the Court entered a detailed order granting Defendants' motions and dismissing the Second Amended Complaint. (Doc. 46). The Court observed, in pertinent part:

> Upon careful review, Plaintiff's Second Amended Complaint fails to comply with FED. R. CIV. P. 8(a). Far from containing a "short and plain statement" of his claims, Plaintiff's 20-count complaint is riddled with nonsensical allegations (e.g., "a meeting of the minds was reached by verbal and non-verbal means," (Doc. 26, ¶ 19)); hyperbole (e.g., "As a result of their miscellaneous, malicious, vigorous, deceitful, hostile, absolutely unjust, offensive, intimidating, [and] unethical equal opportunity behavior"); and unrecognizable causes of action (including, but not limited to, claims for "Malicious Falsehood," "Violation of Identity Fraud in Violation of Fraud," "Evidence Tampering," "Embezzlement In Violation of Financial Fraud," "Violation of the Civil Rights Act of 1875," and "Violation of the Code of Ethics. . .").
>
> At best, Plaintiff appears to allege that the School Board: (1) "tampered" with his urinalysis; and (2) refused to hire him because he is a "single, 23 year old, black, African American, male." (Doc. 26, ¶ 17). So far as the Court can tell, those allegations would, at most, provide limited support for a Section 1981 claim. *See* 42 U.S.C. § 1981; *see also*, *e.g.*, *Terry v. Cook*, 866 F.2d 373, 379 (11th Cir. 1989) (discussing elements required to assert a Section 1981 claim). However, apart from two brief references to Section 1981 in his final prayer for relief (Doc. 26 at 20), Plaintiff does not even attempt to assert a Section 1981 claim. Defendants clearly cannot be expected to frame a response to an unasserted claim. Nor can they be expected to respond to the sundry other "claims" lurking amidst the jumble of allegations and legal citations currently interspersed throughout the complaint. If Plaintiff has (or, in good faith, likely will have) evidentiary support suggesting that the School Board falsified the results of his drug test and used same as a pretext to deny him employment because he is black (or simply refused to hire him because he is black), that he was qualified to become a substitute teacher, and that Defendants continued to seek applications from persons of his qualifications after his rejection, then

(Doc. 46 at 5-6) (footnotes omitted). Notwithstanding the foregoing, the Court permitted Plaintiff to file yet another amended complaint.

In their instant Motion, Defendants move to dismiss Plaintiff's Third Amended Complaint pursuant to FED. R. CIV. P. 8(a) and FED. R. CIV. P. 12(b)(6). (Doc. 54).

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative

-3-

level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009). The court has a duty to narrow the issues by stripping away frivolous claims. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

In pertinent part, Federal Rule of Civil Procedure 8 states:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction. . .

(2) a short and plain statement of the claim. . .and

(3) a demand for the relief sought. . . .

FED. R. CIV. P. 8(a).

## III. Analysis

Plaintiff contends in his Response that "Defendants [sic] Motion should be Denied [sic] because, [sic] the Defendants [sic] Motion to Dismiss is nothing but a bunch of BEAT [sic] around the Bush [sic], insulting 'a garbled mess', [sic] intentionally redundant 'preposterous allegations', [sic] disrespectful 'nonsensical', [sic] lawgitimate [sic], yet Bad Faith [sic] (Fed. R. Civ. Pro. 56(g)) pleading compromised [sic] of excuses admitting to being in DENIAL [sic]." (Doc. 55 at 2).

Upon review, Defendants' Motion will be granted. Plaintiff's Response and Third Amended Complaint are utter nonsense. Despite multiple opportunities to amend and this Court's repeated admonitions and guidance, Plaintiff has still failed to state a single claim for relief. Even if he had, however, Plaintiff's papers evince an inability to comprehend basic English syntax. As a matter of law, Plaintiff is clearly not qualified to teach in Defendants' public schools.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss (Doc. 54) is **GRANTED**;

2. This case is hereby **DISMISSED** with prejudice, each party to bear their own fees and costs, and all other pending motions are **DENIED** as **MOOT**; and

3. The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 1, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE