DONTAVIOUS SHERRODE SMITH,

      **Plaintiff,**

-vs-            **Case No.  6:09-cv-2033-Orl-31KRS**

SCHOOL BOARD OF BREVARD
COUNTY, RICHARD A. DIPATRI, and
LEROY A. BERRY,

      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed

herein:

| MOTION: | PLAINTIFF'S AMENDED MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 73) |
|---|---|
| FILED: | May 26, 2010 |

| MOTION: | MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 74) |
|---|---|
| FILED: | May 26, 2010 |

   Plaintiff Dontavious Sherrode Smith, appearing *pro se*, requests leave to appeal the Court's

order denying his motions to reopen his case and file a fourth amended complaint, Doc. No. 63, *in*

*forma pauperis*.  Doc. Nos. 73, 74.

## I.      PROCEDURAL HISTORY.

On April 1, 2010, after Smith amended his complaint three times, the Court dismissed Smith's case with prejudice, noting that "[d]espite multiple opportunities to amend and this Court's repeated admonitions and guidance, Plaintiff has still failed to state a single claim for relief."  Doc. No. 65 at 4.

On April 13, 2010, Smith filed a motion to reopen his case, Doc. No. 57, and a motion for leave to file a fourth amended complaint, Doc. No. 58, along with a proposed amendment, Doc. No. 58-1. The Court denied Smith's motions, noting "[e]ven assuming, *arguendo*, that Plaintiff's repeated failure to comply with Fed. R. Civ. P. 8(a) - despite this Court's repeated assistance and admonishments - could be excused, Plaintiff's proposed Fourth Amended Complaint still fails to assert a viable claim (including a Section 1981 claim, the elements of which the Court explicitly provided to Plaintiff)." Doc. No. 60 (emphasis in original).

On April 23, 2010, Smith filed a second motion to reopen his case, Doc. No. 61, and another motion for leave to amend his complaint, Doc. No. 62, along with a proposed amendment, Doc. No. 62-1.  The Court denied Smith's motions for the reasons stated in its previous order, Doc. No. 60, because Smith's motions were identical to the motions he filed on April 13.  Doc. No. 63.

Smith filed a notice of appeal of the Court's order, Doc. No. 63, on May 11, 2010.  Doc. No. 64.  He also filed a Motion for Indigency, along with a Motion for Permission to Appeal In Forma Pauperis and Affidavit.  Doc. No. 65 at 4-7.  On May 12, 2010, I entered a Report and Recommendation recommending that Smith's motion for leave to appeal *in forma pauperis* be denied for failure to comply with Fed. R. Civ. P. 24.  Doc. No. 66.  On May 20, 2010, the Court adopted and confirmed the Report and Recommendation, and denied Smith's motion.  Doc. No. 70.  The Court

permitted Smith to file an amended notice of appeal and an amended motion for leave to appeal *in forma pauperis* to address the deficiencies in Smith's original motion. *Id.* at 2.

On May 26, 2010, Smith filed an amended notice of appeal, Doc. No. 72, and an amended motion for leave to appeal *in forma pauperis* and affidavit, Doc. Nos. 73, 74.

## II.     APPLICABLE LAW AND ANALYSIS.

The determination of applications to proceed *in forma pauperis* on appeal are governed by 28 U.S.C. § 1915. *See Slater v. U.S. Dep't of Veteran Affairs*, No. 6:08-cv-160-Orl-22GJK, 2008 WL 2117152, at *1 (M.D. Fla. May 19, 2008) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd* , 589 F.2d 1113 (5th Cir. 1979)).

Under § 1915, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'" *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "Whether an issue is frivolous turns on the existence of 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam)). An issue is frivolous if it is "'without arguable merit either in law or fact.'" *Cruz v. Salvation Army*, 1:08-cv-1542-RWS, 2008 WL 4831656, at *2 (N.D. Ga. Oct. 31, 2008) (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Here, Smith has failed to identify any good faith issues to be addressed on appeal. Smith asserts that he intends to appeal the issue of whether he should be allowed to reopen his case "and prove a recognized nefarious scheme (by the District Court) against him, from a misinterpretation of

their past Order, . . . in [o]rder for him to follow Fed. R. Civ. P. 8(a) . . . ." Doc. No. 73 at 2. Smith was given multiple opportunities to amend his complaint to state a claim in compliance with Rule 8(a) in this case. And the Court provided Smith with repeated admonitions and guidance to assist him in amending his complaint. Yet Smith continuously failed to state a single claim for relief. Thus, for the reasons set forth in the orders dismissing Smith's complaints, I find that Smith's appeal is not taken in good faith.

## III.  RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1.  **DENY** Smith's motions for leave to appeal *in forma pauperis*, Doc. Nos. 73, 74;

2.  **CERTIFY** that the appeal is not taken in good faith; and

3.  **DIRECT** the Clerk of Court to serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 3, 2010.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy